# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED COUNTRY REAL ESTATE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED REALTY GROUP, INC., <br><br> Defendant. | CIVIL ACTION NO. <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, United Country Real Estate, LLC ("Plaintiff"), for its Complaint against the Defendant, United Realty Group, Inc. ("Defendant"), respectfully states as follows:

## NATURE OF THE SUIT

This is an action for service mark infringement, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a). Plaintiff seeks an injunction prohibiting Defendant from using in commerce Plaintiff's UNITED® Marks. In addition, Plaintiff seeks compensatory damages, treble damages, Defendant's profits from the violations alleged, and Plaintiff's costs and attorneys' fees incurred in bringing this action.

## PARTIES

1.     Plaintiff United Country Real Estate, LLC is a limited liability company existing under the laws of the State of Delaware with its principal place of business at 2820 NW Barry Road, Kansas City, Missouri 64154.

2.     Upon information and belief, Defendant United Realty Group, Inc., is a corporation existing under the laws of Florida with its principal place of business at 1200 S Pine Island Road, Ste 600, Plantation, Florida 33324.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331, 1338 and 15 U.S.C. § 1121. This Court also has jurisdiction under 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between a citizen of a state and a citizen of a foreign state.

4. Defendant is subject to personal jurisdiction in this judicial district as Defendant is a Florida corporation with its principal place of business within the boundaries of the Southern District of Florida.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because (i) a substantial portion of the events giving rise to this action occurred in this judicial district; and/or (ii) Defendant does business, may be found, and is subject to personal jurisdiction, in this judicial district.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff's use of the service mark UNITED has a long and notable heritage. Beginning in 1925, Roscoe Chamberlain created the United Farm Agency, Incorporated. That company, and its successors-in-interest, have been identified as "UNITED" for more than ninety years.

7. In 1986, United National Real Estate, Inc. was formed, and in June of 1987, it purchased the assets of United Farm Agency, Incorporated. The service mark "UNITED" was to be maintained and was the main focus of the new company's choice in name, UNITED NATIONAL REAL STATE. In fact, at that time, a family of "UNITED" service marks was being used.

8. In 1990, First Horizon Corporation acquired the assets of United National Real Estate, Inc., and continued to offer its real estate brokerage services under the UNITED and UNITED NATIONAL REAL ESTATE marks.

9. In 1997, First Horizon Corporation also began using the mark UNITED COUNTRY, as well as UNITED and UNITED NATIONAL REAL ESTATE. In 2003, First Horizon Corporation changed its name to United Country Real Estate, Inc.

10. On April 8, 2015, United Country Real Estate, LLC was formed and through an Asset Purchase Agreement dated as of May 31, 2015, acquired all rights and interest of United Country Real Estate, Inc. Through this chain of corporate transactions, Plaintiff now holds all rights and good will in the valuable and well-known family of UNITED marks for use in the real estate industry.

11. Plaintiff's real estate brokerage services are intertwined with its franchise services, which it has offered since the late 1980s. In particular, Plaintiff has promoted its franchise services under the mark UNITED. Plaintiff and/or its predecessors-in-interest have distributed millions of marketing materials that are used to advertise Plaintiff's franchise system to prospective franchisees or to independent real estate brokers, some of which also appear on its website.

12. UNITED is a strong and valuable mark owned by Plaintiff, due to a number of factors, including the continuous use of UNITED for over ninety years by Plaintiff and its predecessors. Over several decades, Plaintiff and/or its predecessors-in-interest have used many marks that all prominently employ the word UNITED, including: UNITED, UNITING BUYER AND SELLER, UNITED POWER, UNITED COUNTRY, UNITED COUNTRY REAL ESTATE, UNITED FARM AGENCY, and UNITEDLAND.

13. Plaintiff and/or its predecessors-in-interest, since at least as early as 1925, have been engaged in the real estate brokerage services business. Since that time, it has continuously promoted those services in association with the service marks UNITED®, UNITED COUNTRY®, UNITED NATIONAL REAL ESTATE® (and Design), and variations thereof, for use in connection with real estate brokerage services.

14. Plaintiff owns Service Mark Registration No. 1,109,683 for the mark UNITED®, covering "real estate brokerage services." The UNITED® mark registered on December 19, 1978, is valid, subsisting, and incontestable.

15. Plaintiff owns Service Mark Registration No. 3,063,245 for the mark UNITED®, covering "franchisee services, namely, offering technical assistance in the establishment and/or operation of real estate brokerages." The UNITED® mark registered on February 28, 2006, and is valid and subsisting.

16. Plaintiff's family of trademarks containing or consisting of the term "UNITED" are hereinafter referred to as the "UNITED® Marks."

17. Plaintiff is the indisputable senior user of its UNITED® Marks and has long and established nationwide priority over any rights that Defendant may allege in or to Plaintiff's UNITED® Marks and/or confusingly similar variations thereof.

18. Plaintiff and/or its predecessors-in-interest has expended, and continues to expend, a substantial amount of resources, money, time and effort promoting, marketing, advertising, and building consumer recognition and goodwill in its valuable and well known UNITED® brand, including in this judicial district.

19. As a result of Plaintiff's and/or plaintiff's continuous and exclusive use of the UNITED® Marks, the relevant consumers of Plaintiff's services have come to strongly associate

Plaintiff as the source of origin of the UNITED® Marks. The UNITED® Marks are extremely valuable and have developed a substantial amount of goodwill.

20. The UNITED® Marks have long been used, and continue to be used, by Plaintiff among the relevant purchasing public and consumers, including potential real estate brokers and franchisees, to identify the source of origin of Plaintiff's services, and further, to distinguish those high-quality services from the services offered by its competitors and others.

21. On information and belief, Defendant United Realty Group, Inc., was founded in Florida in 2002, and has numerous real estate offices throughout the state.

22. Defendant has adopted and is using the trade name UNITED REALTY GROUP in connection with its real estate brokerage services.

23. Defendant currently advertises, markets, offers for sale, sells, and provides services under and in connection with the name UNITED REALTY GROUP in direct competition with, and to the identical customers and potential customers of Plaintiff. *See, e.g.,* **Exhibit A**.

24. Defendant has registered or caused to be registered the domain name www.unitedrealtygroup.com. According to ICANN records, the registrant contact is David Chambless of United Realty Group, Inc.

25. Defendant has also registered or caused to be registered the domain name www.urgfl.com. According to ICANN records, the registrant contact is David Chambless of United Realty Group, Inc.

26. Defendant is offering real estate brokerage services under the UNITED REALTY GROUP mark online at www.unitedrealtygroup.com and www.urgfl.com. *See* **Exhibit B**.

27. Defendant also offers its real estate brokerage services under the UNITED REALTY GROUP mark on its Facebook and Twitter pages. *See* **Exhibits C-D.**

28. On information and belief, Defendant markets, offers for sale, sells and provides real estate brokerage services in this judicial district employing the UNITED mark and name UNITED REALTY GROUP, in direct competition with Plaintiff, to, among others, real estate agents, and employs the same or similar business model as Plaintiff. *See* **Exhibit A**.

29. Plaintiff has learned that Defendant has used and continues to use Plaintiff's UNITED® Marks and/or confusingly similar variations thereof on and in connection with Defendant's businesses and directly competing services, despite Plaintiff's long established rights in and to the UNITED® Marks.

30. Defendant's infringing use of UNITED in connection with its real estate brokerage services is likely to confuse and mislead consumers into believing that the services offered by Defendant are approved, provided, endorsed, or sponsored by Plaintiff, which they are not.

31. Defendant's activities have already caused actual consumer confusion with respect to Plaintiff and its UNITED® Marks, with a number of Florida realtors and prospective UNITED® franchisees believing that Defendant's services are being offered or sponsored by Plaintiff, and Defendant's continuing activities are likely to cause further confusion with consumers, potential consumers, and the relevant public.

32. In a good faith effort to amicably resolve the actual consumer confusion created and likely to be caused by Defendant's wrongful conduct, Plaintiff, has contacted Defendant on numerous occasions and apprised them of the actual confusion and likelihood of confusion caused by Defendant's conduct.

**33.** Despite having received multiple written notices from Plaintiff, Defendant has not ceased its infringing and improper use of Plaintiff's UNITED® Marks and/or confusingly similar variations thereof.

**34.** Defendant has no association, affiliation, sponsorship, or any other connection with Plaintiff.

**35.** Defendant's use of UNITED REALTY GROUP has caused, will continue to cause, and is likely to cause and continue to cause the trade, consumers and/or the relevant public to be confused into believing that Plaintiff: (a) is itself offering the services and/or goods being advertised, marketed, promoted, offered, and provided by Defendant; (b) is affiliated, connected, or otherwise associated with Defendant and/or Defendant's advertising, marketing, promotion, offer, and/or provision of services and/or goods; and/or (c) is sponsoring, endorsing, administering, supervising, or is otherwise connected with Defendants and/or Defendant's advertising, marketing, promotion, offer, and/or provision of services and/or goods.

**36.** Defendant will continue to use, cause confusion, and wrongfully benefit and gain from its infringing use of Plaintiff's UNITED® Marks and/or confusingly similar variations thereof unless enjoined by this Court.

**37.** Defendant had constructive knowledge of Plaintiff's rights in, to and under the UNITED® Marks long before Defendant elected to adopt and use UNITED REALTY GROUP by virtue of Plaintiff's federal trademark registrations. Defendant has had actual knowledge since at least Plaintiff's notices to Defendant. Yet, despite such knowledge, Defendant elected to intentionally and willfully adopt and use UNITED REALTY GROUP on and in connection with their services and wrongfully profit from Plaintiff's long-standing goodwill in and to its extremely valuable and well known mark and name.

## COUNT I

### (Service Mark Infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114)

38. Plaintiff re-alleges and incorporates each and every allegation set forth in Paragraphs 1 through 37 of the Complaint as if fully set forth herein.

39. Plaintiff is the owner of all right, title, and interest in, to, and under its UNITED® Marks, and all goodwill appurtenant thereto.

40. The marks used by Defendant in connection with its real estate business in interstate commerce are confusingly similar, if not identical, to the UNITED® Marks.

41. Defendant's unlicensed, un-consented to, and otherwise unauthorized use of Plaintiff's UNITED® Marks and/or confusingly similar reproductions, counterfeits, copies, or colorable imitations thereof, on or in connection with its sale, offering for sale, distribution, or advertising of its real estate brokerage business, services and goods is causing and is likely to cause confusion, or to cause mistake, or to deceive, consumers and the relevant public into falsely believing that Defendant is affiliated, connected, or associated with Plaintiff and its UNITED® Marks.

42. Defendant has thus committed and is continuing to commit acts of infringement in interstate commerce in violation of, *inter alia*, Section 32 of the Lanham Act, 15 U.S.C. § 1114.

43. Defendant's acts of infringement have caused and will continue to cause damage and irreparable harm to Plaintiff, and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiff and to the valuable goodwill symbolized by and associated with its distinctive and extremely well known UNITED® Marks, unless enjoined and restrained by this Court.

44. Plaintiff has no adequate remedy at law and will suffer irreparable injury if Defendant is allowed to continue to wrongfully use Plaintiff's UNITED® Marks and/or any confusingly similar variations thereof.

45. Defendant's infringement, unfair competition, and false designation of origin are and were knowing and willful and Plaintiff is entitled to recover additional treble damages and reasonable attorneys' fees.

46. As a result of Defendant's activities, Plaintiff has been damaged in an amount to be ascertained at trial.

## COUNT II

### (Infringement and Unfair Competition under Section 43(a) of the Lanham Act, of 15 U.S.C. § 1125(a))

47. Plaintiff re-alleges and incorporates each and every allegation set forth in Paragraphs 1 through 37 of the Complaint as if fully set forth and restated herein.

48. The marks used by Defendant in connection with its real estate business in interstate commerce are confusingly similar, if not identical, to the UNITED® Marks.

49. Defendant's unlicensed, un-consented to, and otherwise unauthorized use of Plaintiff's UNITED® Marks and/or confusingly similar variations thereof on or in connection with its real estate brokerage business, services, and goods is causing and is likely to cause confusion, or to cause mistake, or to deceive, consumers and the relevant public into falsely believing that Defendant is affiliated, connected, or associated with Plaintiff and its UNITED® Marks.

50. Defendant's unlicensed, un-consented to, and otherwise unauthorized use of Plaintiff's UNITED® Marks and/or confusingly similar variations thereof on or in connection with its real estate brokerage business, services, and goods is causing and is likely to continue to

cause confusion, or to cause mistake, or to deceive, consumers and the relevant public into believing that Plaintiff is (a) the source of origin of said Defendant's real estate brokerage business, services, and goods; (b) sponsoring said Defendant's real estate brokerage business, services, and goods; and/or (c) approving Defendant's real estate brokerage business, services, and goods.

51. Defendant's unlicensed, un-consented to, and otherwise unauthorized use of Plaintiff's UNITED® Marks and/or confusingly similar variations thereof on or in connection with its real estate brokerage business, services, and goods constitutes a false designation of origin that wrongly suggests to the relevant public and consumers that such services and/or goods emanate from, or are licensed, endorsed, approved, or sponsored by, or are in some other way associated or connected with Plaintiff and/or its UNITED® Marks.

52. By virtue of Defendant's acts as described herein, said Defendant has committed and is continuing to commit acts of unfair competition and false designation of origin in violation of, *inter alia*, Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53. Defendant's acts of unfair competition and false designation of origin have caused and will continue to cause damage and irreparable harm to Plaintiff, and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiff and to the valuable goodwill symbolized by and associated with its distinctive and valuable UNITED® Marks, unless enjoined and restrained by the Court.

54. Plaintiff has no adequate remedy at law and will suffer irreparable injury if Defendant is allowed to continue to wrongfully use Plaintiff's UNITED® Marks and/or any confusingly similar variations thereof.

**55.** Defendant's infringement, unfair competition, and false designation of origin are and were knowing and willful and Plaintiff is entitled to recover additional treble damages and reasonable attorneys' fees.

**56.** As a result of Defendant's activities, Plaintiff has been damaged in an amount to be ascertained at trial.

## PRAYER FOR RELIEF

WHEREFORE, United Country Real Estate LLC respectfully requests that this Court enter judgment against Defendant United Realty Group, Inc., as follows:

A.   That this Court permanently enjoin Defendant United Realty Group, Inc., and/or its employees, partners, officers, directors, agents, representatives, attorneys, successors, and assigns, and all persons in active concert or participation with any of them, from using the UNITED® Marks and/or any confusingly similar variations thereof, in any manner or form, or any other reproduction, counterfeit, copy, or colorable imitation of such marks, either alone or in combination with any other designation, on or in connection with any advertising, marketing, promoting, offer for sale, distribution, or sale of Defendant's services or goods; from otherwise infringing Plaintiff's UNITED® Marks; and from otherwise competing unfairly with Plaintiff;

B.   That this Court order Defendant United Realty Group, Inc., to destroy and/or obliterate any and all signs, brochures, advertisements, stationery, leaflets, labels, and other items in its possession, custody, or control, upon which appear or reflect the UNITED® Marks, and/or any confusingly similar variations thereof, in any manner or form, or any other reproduction, counterfeit, copy, or colorable imitation of Plaintiff's UNITED® Marks.

C.   That this Court enter a judgment finding that Defendant United Realty Group, Inc., has infringed and willfully infringed Plaintiff's UNITED® Marks;

  D. That this Court enter a judgment finding that Defendant United Realty Group, Inc., has committed unfair competition by willfully using Plaintiff's UNITED® Marks;

  E. That this Court order Defendant United Realty Group, Inc., to pay to Plaintiff such damages as Plaintiff has actually sustained:

   (a) in consequence of Defendant's infringement of and upon Plaintiff's UNITED® Marks;

   (b) in consequence of Defendant's false designation of origin;

   (c) in consequence of Defendant's actions of unfair competition;

  F. That this Court order Defendant United Realty Group, Inc., to account for and pay to Plaintiff all profits realized by Defendant from its infringement of or upon Plaintiff's UNITED® Marks, its false designation of origin, and its acts of unfair competition.

  G. That this Court order Defendant United Realty Group, Inc., to cease further infringing the UNITED® Marks, and damaging Plaintiff's goodwill;

  H. That this Court find that the circumstances and actions of Defendant United Realty Group, Inc.'s conduct was willful and sufficient to merit an award of exemplary damages to Plaintiff in the amount of three times the amount found as actual damages;

  I. That this Court order Defendant United Realty Group, Inc., to pay Plaintiff its costs and expenses incurred in and related to this action;

  J. That this Court order Defendant United Realty Group, Inc., to pay Plaintiff's attorneys' fees;

  K. That this Court order Defendant United Realty Group, Inc., to pay Plaintiff's prejudgment interest; and

L. That this Court award such other and further relief as this Court deems just and proper under the circumstances.

Dated: January 26, 2016                            Respectfully submitted,

**BRYAN CAVE LLP**

By:  s/Tania Cruz_____

Tania Cruz
Bryan Cave LLP
200 South Biscayne Blvd., Ste 400
Miami, FL  33131
Telephone: (786) 322-7500
Facsimile: (786) 322-7501

*Attorney for Plaintiff UNITED COUNTRY REAL ESTATE, LLC*